IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDTRONIC, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-cv-88 |
| | § | |
| CORDIS CORP., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Cordis' Motion to Transfer to the Norther District of California and Brief in Support (Dkt. No. 8) and related briefing. The defendant requests that this case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the defendant's motion is DENIED for the reasons set forth in this opinion.

### I. Background

Plaintiff Medtronic, Inc. is a Minnesota corporation with its principal place of business in Minnesota. Medtronic USA, Inc. ("Medtronic USA") and Medtronic Vascular Galway, Ltd. ("Medtronic Galway") are affiliates of Medtronic, Inc. Medtronic USA is a Minnesota corporation with its principal place of business in Minnesota. Medtronic Galway is a corporation organized and existing under the laws of the Republic of Ireland, with its principal place of business in Ireland. Plaintiff Evysio Medical Devices ULC ("Evysio"), is a corporation organized under the laws of Nova Scotia, Canada, with its principal place of business in Vancouver, British Columbia. Defendant Cordis is a Florida corporation with its principal place of business in New Jersey.

This is a patent infringement case involving medical devices known as stents. In this action, the plaintiffs allege that stents sold by Cordis infringe U.S. Patent Nos. 6,881,223 (the "'223 patent") and 6,887,264 (the "'264 patent"). The named inventors on both patents are Drs. Penn and Ricci. Both patents asserted in this case descend from the same application, U.S. Patent Application No. 09/142,508 (the "'508 application").

Prior to bringing this action, the same plaintiffs (plus an additional Medtronic entity) brought suit against other stent manufacturers in the U.S. District Court for the Northern District of California, *Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc. Medtronic Vascular Galway, Ltd. and Evysio Medical Devices ULC v. Advanced Cardiovascular Systems, Inc., Abbott Laboratories and Abbott XYZ Corporation*, C.A. No. 06-1066-PJH (the "California case"). In the California case, the plaintiffs allege infringement of several patents, including U.S. Patent No. 6,858,037 B2 (the "'037 patent"). The '037 patent, listing Drs. Penn and Ricci as the inventors, descends from the same '508 application as the '223 and '264 patents. Cordis is not a defendant in the California case. Nevertheless, Cordis asks the court to transfer this case to the Northern District of California pursuant to 28 U.S.C. §1404(a).

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In*

2

*re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### A.  Private Factors

#### 1.  Plaintiff's Choice of Forum

The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiffs' choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiffs chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. Neither the plaintiffs nor the defendant are located in Texas. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

With respect to key party witnesses, Cordis notes that the division responsible for Medtronic's stent business is located in Santa Rosa, California. Motion at 14. Cordis argues that "Medtronic cannot seriously complain about a transfer to the district where the division responsible for its stent business is based." *Id.* The plaintiffs chose to bring their suit here, therefore, the court assumes this forum is convenient for the plaintiffs. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006).

Cordis also identifies four of its employees as key party witnesses. Motion at 16. Three of the individuals reside in New Jersey, the fourth resides in Florida. Cordis' statement that "Texas is not more convenient than California for any of them" does not adequately address how these witnesses would be substantially inconvenienced by attending trial in Texas.

4

In its Motion, Cordis lists a number of non-party witnesses. *See* Motion at 12-13. Four of these witness - George Shukov, Todd Dickson, William Hill and Richard Press - live in the Northern District of California. Cordis states that these witnesses "received confidential information from the Fischells under a confidentiality agreement and then shared that technology with Drs. Penn and Ricci who then disclosed and claimed aspects of that technology in their patent." Motion at 13. Cordis, however, does not show that these witnesses would either be unwilling to or inconvenienced by traveling to Texas. In the court's view, the convenience of non-party witnesses weighs slightly in favor of transfer.

3. <u>The Place of the Alleged Wrong</u>

Cordis' accused products are sold in both the Northern District of California and this District. The court, therefore, gives this factor no weight.

4. <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Given the briefing of the parties, most of the identified witnesses are located outside of California and Texas. Accordingly, this factor is neutral as to transfer.

5. <u>The Availability and Location of Sources of Proof</u>

Cordis does not address this factor in its briefing. The court notes that the increasing ease of storage and transportation, however, makes this factor less significant. *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Marshall, Texas. This factor is neutral as to transfer.

6. <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only

in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

### B. Public Interest Factors

#### 1. The Administrative Difficulties Caused by Court Congestion

The plaintiffs argue that the median time interval from filing to disposition of civil cases in the Northern District of California is 25.0 months compared to 17.7 months in the Eastern District of Texas. Response at 13. As the defendant points out, these statistics do not provide data for patent cases, which tend to have special rules and procedures. In the court's view, this factor is neutral as to transfer.

#### 2. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Cordis' accused products are sold in this District. The sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to this action. The citizens of the Eastern District of Texas have a substantial interest in whether acts of patent infringement have occurred in this District and in the State of Texas. This factor weighs against transfer.

#### 3. The avoidance of unnecessary problems in conflict of laws

Patent claims are governed by federal law. This court and the court in the Northern District of California are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

### III. Conclusion

For the reason stated above the defendant has failed to satisfy its burden of showing that the

6

balance of convenience and justice substantially weighs in favor of transfer in this case. Accordingly, Defendant's Motion is DENIED.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE